**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | | |
|---|---|---|
| **TERESA R. WAGNER,** | ) | **CASE NO. 3:09-CV-00010** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CAROLYN JONES, Former Dean Iowa** | ) | **BRIEF IN SUPPORT OF** |
| **College of Law (in her official and** | ) | **DEFENDANTS' RENEWED** |
| **individual capacities), and** | ) | **MOTION FOR JUDGMENT** |
| **GAIL B. AGRAWAL, Dean of the Iowa** | ) | **AS A MATTER OF LAW** |
| **College of Law, in her official capacity,** | ) | **PURSUANT TO FED. R.** |
| | ) | **CIV. P. 50(b)** |
| **Defendants.** | ) | |
| | ) | |

## I.     INTRODUCTION

Defendants renew their motion for judgment as a matter of law on Wagner's claim that

Dean Jones violated her right under the Fourteenth Amendment to equal protection of the law.

At trial, Defendants timely moved for a directed verdict at the close of Wagner's evidence and

renewed that motion at the close of all the evidence.   Defendants also objected to the jury

instruction on equal protection, stating that the claim should not be submitted to the jury.

Defendants now raise three arguments:  first, Wagner's Equal Protection claim is barred by issue

preclusion, since the jury has decided that Dean Jones did not purposefully discriminate against

her; second, that Wagner's Equal Protection claim duplicates the First Amendment claim and is

therefore barred; and third, that the individual defendant, Carolyn Jones, is entitled to qualified

immunity as a matter of law.   A jury's inability to reach a verdict does not preclude entry of

judgment as a matter of law under Rule 50.   Fed. R. Civ. P. 50(b) (noting deadline applies to

Rule 50 motions that address "a jury issue not decided by a verdict" and in that case starts to run

after the jury discharged); <u>Headwaters Forest Defense v. Cnty. Of Humboldt</u>, 240 F.3d 1185, 1197 (9th Cir.2000)(Rule 50 applies to mistrial), <u>DeMaine v. Bank One</u>, 904 F.2d 219, 220 (4th Cir.1990)(same).  The parties have been fully heard and Defendants are entitled to a verdict as a matter of law on the Equal Protection claim despite the inability of the jury to reach agreement on the claim and the Court's ruling of mistrial on the claim.

## II.     ARGUMENT

**A.     Plaintiff's Claim for Denial of Equal Protection Is Now Barred By Issue Preclusion.**

The jury was instructed on two claims in this case:   Political Discrimination (Final Instruction No. 6) and Equal Protection (Final Instruction No 8).   Since the issue of whether Jones **purposefully discriminated** against Plaintiff based on her political beliefs was essential to both claims, and the jury determined that she did not do so in ruling in her favor on the Political Discrimination claim, Wagner may not relitigate the issue and Defendants are entitled to judgment as a matter of law on the Equal Protection claim.   <u>New Hampshire v. Maine</u>, 532 U.S. 742, 748 (2001)(issue preclusion prevents relitigation of identical issue even if in new claim). By precluding parties from contesting matters they have had a full and fair opportunity to litigate, issue preclusion protects against the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action.   <u>Montana v. United States</u>, 440 U.S. 147, 153-54 (1979).   Jury verdicts have preclusive effect.   <u>Ashe v. Swenson</u>, 397 U.S. 436, 445 (1980).

On the Political Discrimination claim, the jury was instructed as follows.   Wagner's counsel did not object.

"<u>Final Instruction No.  6</u>.

To prevail on her claim of political discrimination, Plaintiff must prove both of the following by a preponderance of the evidence:

*First*, the Defendant failed to hire the Plaintiff; and

*Second*, the Plaintiff's political beliefs and affiliations were a motivating factor in the Defendant's decision."

The jury determined that Wagner's political beliefs and affiliations were not a motivating factor in the Defendant's decision; Dean Jones did not discriminate.

Next, purposeful discrimination is a required element of the Equal Protection claim. The Court instructed jury on that claim as follows. Wagner's counsel did not object.

"<u>Final Instruction No. 8</u>.

*First*, Defendant acted under color of state law;

*Second*, Defendant treated Plaintiff differently than similarly situated candidates for LAWR instructor positions;

*Third*, <u>Defendant purposefully discriminated against Plaintiff because of her political beliefs and affiliations;</u>

*Fourth*, Defendant's conduct was a proximate cause of damage to Plaintiff;

*Fifth*, the amount of damage." (emphasis added).

The jury was unable to reach agreement on this claim, but clearly, they had reached agreement about the third element, that Jones had not discriminated, under the First Amendment claim.

*Res judicata* now precludes Wagner from relitigating the issue of whether Dean Jones purposefully discriminated against her. Specifically, the doctrine of issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved by a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. <u>New Hampshire</u>, 532 U.S. at 748. Issue preclusion will apply if (1) the issue is the same; (2) the issue was actually litigated and decided; (3) the resolution of the issue was essential to the

prior judgment; (4) the same parties are involved, and they had a full and fair opportunity to litigate.  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

The same issue is clearly at stake in both Plaintiff's First Amendment and the Equal Protection claims: whether Dean Jones purposefully discriminated based on Wagner's views. This issue was fully, fairly, and actually litigated during the trial that lasted five days.  Wagner had the opportunity to present her own witnesses and thoroughly question Defendants'.  The issue is essential to the judgment in the First Amendment claim: it is the core of the claim and clearly included in the jury instruction, as described above.  The First Amendment claim was entitled, "Political Discrimination" and the jury determined that no political discrimination occurred.  Wagner wishes to litigate that same issue against the same defendant in the Equal Protection claim, as to which it is also essential.  See Final Instruction No. 8; Batra v. Board of Regents of University of Nebraska, 79 F.3d 717, 721 (8th Cir. 1996) ("relevant prerequisite" for equal protection claim is unlawful and purposeful discrimination).  Issue preclusion clearly applies to prevent that result and to entitle Defendants to judgment as a matter of law.

Because the jury found that Plaintiff's political beliefs and affiliations were not a "motivating factor" in Defendant's decision, that determination is now the law of the case. Given this preclusive finding, it is not possible for another jury to find that Dean Jones purposefully discriminated against Wagner on the basis of her political beliefs.  An attribute that was not even a motivating factor in Defendant's decision maker cannot be the basis of purposeful discrimination.  The Court should grant judgment for the Defendants on the Equal Protection claim as a matter of law.

**B.**     **The Claim for Equal Protection Duplicates the First Amendment Claim And Cannot Stand Alone.**

Wagner's Equal Protection claim must be dismissed because it duplicates her First Amendment claim. Pagan v. Calderon, 448 F.3d 16, 36 (1st Cir. 2006). An Equal Protection claim fails where it duplicates a First Amendment claim, because where "plaintiff is challenging a discretionary decision to deny a benefit claims to be entitled to redress based on allegations of unconstitutional political discrimination or retaliation, he cannot rely on the Equal Protection Clause, but rather must bring his claim under the specific provisions of the First Amendment." Pagan, 448 F.3d at 36. Vkuadinovich v. Bartels, 853 F.2d 1387, 1391-92 (7th Cir. 1988) (similar); Thompson v. City of Starkville, Miss., 901 F.2d 456, 468 (5th Cir. 1990) (similar); Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 44-45 (1st Cir. 1992) (similar); accord Sacramento v. Lewis, 523 U.S. 833, 842 (1998) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). The courts have noted that "vast problems" would result from allowing those disgruntled by government decisions to challenge all of them under the equal protection rubric. Nestor Colon, 964 F.2d at 45. Therefore, First Amendment claims may not be repled as Equal Protection claims. Accordingly, Defendants are entitled to judgment as a matter of law on Wagner's Equal Protection claim.

**C.    Defendant Carolyn Jones Is Entitled to Qualified Immunity On The Claim For Denial of Equal Protection.[1]**

Dean Jones is entitled to qualified immunity because she did not violate Wagner's right to Equal Protection, and because a reasonable person in Dean Jones' position would not have known that she violated Wagner's right to Equal Protection, given the state of the law. Government officials are entitled to qualified immunity from constitutional claims unless 1) the facts plaintiff has shown amount to a violation of a constitutional right, and (2) the right violated was clearly established when the alleged misconduct occurred.  Williams v. Herron, 687 F.3d 971, 974 (8th Cir. 2012).   Qualified immunity is a judge-made doctrine created to limit the exposure of public officials to damages actions, thereby fostering the effective performance of discretionary functions in the public sector.  Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The reach of this doctrine is long, but not infinite. It protects all but "the plainly incompetent [and] those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

When an Equal Protection claim challenges an executive decision, as this one does, the central issue is whether the defendant treated plaintiff differently than someone similarly situated by purposefully discriminating based on an invalid reason.  Batra, 79 F.3d at 721.  The jury in this case was so instructed.  See Final Instruction No. 8.  Wagner must show that Jones violated her right to Equal Protection, and must present factually apposite cases in which a state actor violated someone's right to Equal Protection by discriminating based on political views and affiliations that would have put Dean Jones on notice.

---

[1] The 8th Circuit opinion and mandate for retrial is not controlling or persuasive on this argument for two reasons.  First, the issue of qualified immunity on the Equal Protection claim was not before the 8th Circuit on appeal, because this claim was not added until after the 8th Circuit issued its mandate.  Second, Defendant Jones seeks qualified immunity because a claim for equal protection was not clearly established regardless of the 8th Circuit's ruling and its mandate.

In order to deny Jones qualified immunity, Wagner must show a violation of her right to Equal Protection. She cannot show this since the jury determined that Jones did not purposefully discriminate in ruling in her favor on the First Amendment claim.

Nor can Wagner show that her right to equal protection in this case was clearly established in 2007. Wagner must show that the "contours of the right [are] sufficiently clear that <u>a reasonable official would understand that what he is doing violates that right</u>." <u>Mills v. Iowa</u>, 2012 WL 4514686, No. 3:10-cv-112 at *20 (S.D. Iowa Oct. 3, 2012); <u>Wagner v. Jones</u>, 664 F.3d 259, 273 (8th Cir. 2011); <u>Anderson v. Creighton, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)</u>. The "salient question" in determining whether the right is clearly established is whether, at the time Jones made her allegedly discriminatory decisions, the state of the law gave her fair warning that her conduct violated Wagner's right to Equal Protection. <u>Hope v. Pelzer, 536 U.S. 730, 731, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)</u>. Even if there is found to be a constitutional violation, if it creates new law, a government official is still entitled to qualified immunity. <u>Tagstrom v. Enockson</u>, 857 F.2d 502, 504 (8th Cir. 1988)(qualified immunity for police officer because no cases showing that officer should have known he must perform CPR on car accident victim at the scene). Plaintiff must identify "factually apposite" cases that show that Jones' should have been aware her conduct would violate Plaintiff's right to equal protection. <u>Mills</u>, 2012 WL 4514686 at *20.

There are no factually apposite cases showing that Jones had fair warning that her conduct violated Wagner's right to equal protection. To the contrary, the cases show that since the facts recognize and Plaintiff pled a First Amendment case, it is uncertain whether an equal protection case may be brought at all. <u>See</u> <u>Pagan</u>, 448 F.3d at 36. This case of alleged discrimination in University hiring based on political views is apparently one of first impression,

which means Dean Jones is entitled to qualified immunity.  Furthermore, it is not clearly established that political conservatives are a protected class for purposes of Fourteenth Amendment jurisprudence.  Plaintiff can point to no cases in the Eighth Circuit or the Supreme Court holding that conservatives are a suspect or quasi-suspect class.  This court should not be the first to so hold; and even if it were, it could not possibly have been clearly established in 2007 or 2008 that Dean Jones actions violated Plaintiff's right to equal protection.

A reasonable person in Dean Jones' position, therefore, would not have known that failing to hire her violated her right to Equal Protection under the Fourteenth Amendment.

### III.    CONCLUSION

On the fighting issue of this case, whether Dean Jones failed to hire Wagner because of her conservative political beliefs, Wagner has now received a full and fair trial.  The jury found against Wagner after hearing all the evidence and considering it for two days.  Under governing law, a second trial on the same issue is not permitted.  Furthermore, Dean Jones is entitled to qualified immunity.  Defendants are entitled to judgment as a matter of law on the Equal Protection claim.

<div style="margin-left:50%">

Respectfully submitted,
**THOMAS J. MILLER**
Attorney General of Iowa

**/s/GEORGE A. CARROLL**
George A. Carroll
Jordan G. Esbrook
Assistant Attorneys General
Hoover Building, Second Floor
1305 East Walnut Street
Des Moines, Iowa  50319
PHONE:  (515) 281-8330
FAX:  (515) 281-7219
E-MAIL:  George.carroll@iowa.gov
E-MAIL:  Jordan.esbrook@iowa.gov
ATTORNEYS FOR DEFENDANTS

</div>

*Original filed electronically.*

8

*Copy electronically served on:*

Stephen T. Fieweger
KATZ, HUNTOON & FIEWEGER, P.C.
1000 – 36th Avenue
P.O. Box 950
Moline, Illinois  61266-0950

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on November 1, 2012:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivery        ☐ Overnight Courier
☐ Federal Express      ☐ Other
☒ ECF System Participant (Electronic Service)

Signature: /s/Betty Christensen

---